IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| MARIO ROMOAN SULLIVAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 317-017 |
| ) | |
| CORE CIVIC, Wheeler Correctional Facility; ) | |
| VANCE LAUGHLIN, Warden; GLYNN ) | |
| POWELL, Unit Manager; PAT CLARK, ) | |
| HSA; and NP HALL, ) | |
| ) | |
| Defendants. ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, currently incarcerated at Georgia State Prison in Reidsville, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983 regarding events allegedly occurring at Wheeler Correctional Facility ("WCF") in Alamo, Georgia. Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

**I.  SCREENING OF THE AMENDED COMPLAINT**

  **A.  BACKGROUND**

Plaintiff names as Defendants (1) Core Civic, Wheeler Correctional Facility; (2) Vance Laughlin, Warden; (3) Glynn Powell, Unit Manager; (4) Pat Clark, HSA; and (5) NP Hall. (See doc. no. 10, pp. 1, 4.) Taking all of Plaintiff's factual allegations as true, as the

Court must for purposes of the present screening, the facts are as follows.

Defendants Core Civic, Laughlin, and Powell failed to properly maintain the facilities at WCF, causing the roof to leak whenever it rains. (Id. at 2.) On December 6, 2016, Plaintiff slipped on a puddle from one of these leaks, suffering a concussion and other serious bodily injuries. (Id.)

From December 6, 2016 through March 26, 2017, Plaintiff sought treatment from Defendants Hall and Clark for his injuries. (Id.) Plaintiff made numerous sick call inquiries complaining of headaches, back pain, neck pain, vertigo, and numbness in his legs; however, Defendants refuse to run diagnostic tests as requested. (Id.) As treatment, Defendants prescribed steroid and pain injections as well as various pain medications. (Id.) Plaintiff has also been provided with a cane to assist in walking. (Id. at 3.) Plaintiff contends Defendants failure to properly diagnose his condition and treat it accordingly constitutes deliberate indifference to his medical needs. (Id.)

Between February 2, 2017 and February 5, 2017, Plaintiff filed a grievance against Defendant Powell. (Id.) In retaliation, Defendant Powell told Toranio Lockett, a fellow inmate, that Plaintiff had written a statement against him for possessing a shank. (Id.) As a result, on February 6, 2017, Lockett attacked Plaintiff, sending him back to the infirmary with further injuries. (Id. at 4.)

On March 23, 2017, through a conversation with Grievance Coordinator Scott, Plaintiff learned a request for his transfer from WCF. (Id. at 7.) Plaintiff alleges he previously had been threatened by various unnamed staff and medical personnel with being transferred for filing grievances. (Id.) Plaintiff further alleges that case manager Johnson told Plaintiff she was "tired

2

of [him] complaining," and medical personnel stated "they would see about getting [Plaintiff] transferred 'to let some other prison deal with this problem.'" (Id. at 8.) Plaintiff also claims he is not qualified for a general or disciplinary transfer, and therefore "<u>obviously</u> someone put this transfer in out of <u>deliberate retaliation</u> to my complaint of the injury I sustained. . . ." (Id. (emphasis in original).)

### B. DISCUSSION

#### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." <u>Wilkerson v. H & S, Inc.</u>, 366 F. App'x 49, 51 (11th Cir. 2010) (citing <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure

3

does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim for Deliberate Indifference for Wet Floors.

Plaintiff fails to state a claim upon which relief can be granted for Defendants' failure to keep the floors of WCF free from puddles. To prove a claim for deliberate indifference under the Eighth Amendment, Plaintiff must satisfy an objective and a subjective component. To satisfy the objective component, the prisoner bears the burden of proving the challenged prison condition is "extreme" and "pose[s] an unreasonable risk of serious damage to the [prisoner's] future health or safety." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004) (internal quotations omitted). In order to violate the Eighth Amendment, the risk of harm from the condition must be "so grave that it violates contemporary standards of

4

decency to expose *anyone* unwillingly to such a risk." Id. (internal quotations omitted). Stated differently, the condition must result "in the denial of the minimal civilized measure of life's necessities." Cottrell v. Caldwell, 85 F.3d 1480, 1491 (11th Cir. 1996) (internal quotations omitted).

Plaintiff must satisfy a subjective prong by showing the prison officials acted with deliberate indifference. Id. This does not require that the prison official purposefully acted to cause harm, but it does involve something beyond mere negligence. Id. The prison official must know of and disregard an "excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837. In other words, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." Id. A prison condition does not violate the Eighth Amendment unless it involves "the wanton and unnecessary infliction of pain." Chandler, 379 F.3d at 1289 (quotation marks and citation omitted).

Here, Plaintiff's allegations fail to satisfy the subjective prong of deliberate indifference. Even if Defendants knew about the puddles as Plaintiff contends, their failure to clean them up or fix the leaky roof at most amounts to negligence. Indeed, these conditions cannot pose an extreme or unreasonable risk of harm, as "[s]lippery floors constitute a daily risk faced by members of the public at large." Harvey v. Plowman, No. 3:11CV437/MCR/CJK, 2012 WL 6135818, at *3 (N.D. Fla. Nov. 7, 2012), report and recommendation adopted, No. 3:11CV437/MCR/CJK, 2012 WL 6138339 (N.D. Fla. Dec. 11, 2012). Consequently, "[s]lip and fall accidents do not give rise to federal causes of action." Wynn v. Ankoh, No. 1:04 CV 37(WLS), 2006 WL 2583370, at *2 (M.D. Ga. Sept.

6, 2006); see also White v. Kimbrough, No. 1:12-CV-3581-WSD, 2013 WL 5436715, at *1 (N.D. Ga. Sept. 27, 2013) (holding conditions resulting in slip-and-fall were result of mere negligence and not actionable in § 1983); Smith v. Brown, No. 1:12-CV-328-TWT-JSA, 2012 WL 5392154, at *2 (N.D. Ga. Sept. 25, 2012), report and recommendation adopted, No. 1:12-CV-328-TWT, 2012 WL 5392114 (N.D. Ga. Nov. 5, 2012) (same); Harvey, 2012 WL 6135818, at *3 (same).

Accordingly, Plaintiff fails to state a claim for deliberate indifference for Defendants' failure to maintain WCF facilities so as to prevent leaks.

### 3. Plaintiff Fails to State a Claim for Deliberate Indifference to His Medical Needs.

Plaintiff also fails to state a viable Eighth Amendment claim for deliberate indifference to his injured neck and back. To state a claim for deliberate indifference to serious medical needs, Plaintiff must allege: (1) he had a serious medical need – the objective component, (2) a defendant acted with deliberate indifference to that need – the subjective component, and (3) his injury was caused by a defendant's wrongful conduct. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007); see also Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010).

To satisfy the objective component, a prisoner must allege that his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert, 510 F.3d at 1326 (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir.1994)). To satisfy the subjective component, Plaintiff must allege that a defendant: (1) was

6

subjectively aware of a serious risk of harm, and (2) disregarded that risk (3) by following a course of action which constituted "more than [gross] negligence." Id. at 1326-27.

Furthermore, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). The Eighth Amendment does not mandate that the medical care provided to the prisoner "be perfect, the best obtainable, or even very good." Harris v. Thigpen, 941 F.2d 1495, 1510 (11th Cir. 1991) (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980) (Bowen, J.)). As the Supreme Court has explained:

> [A]n inadvertent failure to provide medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Thus, mere allegations of negligence or malpractice do not amount to deliberate indifference. Campbell v. Sikes, 169 F.3d 1353, 1363-72 (11th Cir. 1999) (explaining that medical malpractice cannot form the basis for Eighth Amendment liability); Harris, 941 F.2d at 1505. Moreover, the Eleventh Circuit has consistently held that a mere difference of opinion between an inmate and prison medical officials over a diagnosis or course of treatment does not support a claim of deliberate indifference. See Smith v. Fla. Dep't of Corr., 375 F. App'x 905, 910 (11th Cir. 2010).

Plaintiff alleges Defendants Clark and Hall refuse to properly diagnose and treat his back injury. (See doc. no. 10, pp. 2-3.) However, Plaintiff fails to establish further treatment

is necessary to treat his condition. Indeed, Plaintiff details extensive medical treatment from Defendants, including referral to physical therapy, innumerable infirmary stays, pain pills, and steroid and pain injections. (See id.) Plaintiff conclusorily alleges Defendants' treatment and diagnosis is inadequate, but alleges no facts indicating Defendants' treatment of him was either *medically* unreasonable or unsound. Because these claims only show a disagreement with the prescribed treatment, they cannot form the basis for a deliberate indifference claim. Smith, 375 F. App'x at 910. Thus, Plaintiff fails to state a claim for relief.

### 4. Plaintiff Fails to State a Claim for Retaliatory Transfer.

Plaintiff also fails to state a claim for retaliatory transfer. Prisoners do not have a constitutional right to remain at a particular penal institution. See Adams v. James, 784 F.2d 1077, 1079 (11th Cir. 1986) ("prison inmates do not have a constitutionally protected right to remain at a particular penal institution"); Meachum v. Fano, 427 U.S. 215, 227, (1976) (transfer without hearing does not violate Constitution); see also Tate v. Brannen, No. 5:11-CV-249-WLS-MSH, 2012 WL 6968457, at *3 (M.D. Ga. Jan. 23, 2012), *report and recommendation adopted*, No. 5:11-CV-249 WLS, 2013 WL 395976 (M.D. Ga. Jan. 31, 2013) ("Plaintiff has no constitutional right to be transferred from a particular prison."). However, "prison officials may not transfer, or otherwise punish, an inmate in retaliation for exercising his right to file grievances against prison officials." Nichols v. Riley, 141 F. App'x 868, 869 (11th Cir. 2005). Indeed, "such retaliatory transfers violate an inmate's First Amendment rights and his right of access to the courts." Id.

Here, Plaintiff fails to allege specific facts indicating any of the Defendants were responsible for his transfer. Although he contends he was threatened with transfer from case

manager Johnson and unnamed staff and medical personnel, Plaintiff does not contend any of the named Defendants ever threatened him with transfer or participated in his transfer. (Doc. no. 10, p. 8.) Indeed, Plaintiff merely speculates that his transfer was out of deliberate retaliation rather than another benign reason. (Id.) Such "'naked assertions' devoid of 'further factual enhancement'" are insufficient to state a claim upon which relief may be granted. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)).

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's slip-and-fall, deliberate indifference to medical needs, and retaliatory transfer claims be **DISMISSED**. As no claims remain against them, the Court further **REPORTS** and **RECOMMENDS** all Defendants except Defendant Powell be **DISMISSED** from this case. In a companion Order, the Court has allowed Plaintiff's Eighth Amendment deliberate indifference to safety claim against Defendant Powell to proceed.

SO REPORTED and RECOMMENDED this 1st day of September, 2017, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA