IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MARIO ROMOAN SULLIVAN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | CV 317-017 |
| GLYNN POWELL, Unit Manager, | ) ) ) | |
| Defendant. | ) ) | |

**O R D E R**

Before the Court are Plaintiff's Motion for Reconsideration for Appointed Counsel and Motion to Demand a Jury Trial. (Doc. nos. 20, 21.) As a general rule, there is no entitlement to appointed counsel in a civil rights case such as this one. Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992). Rather, the appointment of counsel is a privilege justified only by exceptional circumstances. Id.; see also Smith v. Fla. Dep't of Corr., 713 F.3d 1059, 1065 (11th Cir. 2013) (finding exceptional circumstances justified appointment of counsel where suspect conduct of prison officials hindered prisoner plaintiff's ability to present essential merits of case and, additionally, where such appointment would alleviate security concerns and help sharpen issues).

Here, Plaintiff fails to show that exceptional circumstances exist to justify the appointment of counsel. Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996). Plaintiff argues he cannot litigate this case because his case is complex and he is *pro se*, indigent, and a mental health patient. (See doc. no. 20.) Contrary to Plaintiff's assertions, his case is not

complex. Furthermore, his circumstances have not prevented him from "presenting the essential merits of his . . . position," which is the key consideration in determining whether the appointment of counsel is justified. Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993). In fact, Plaintiff has been able to adequately explain his current claims and file motions in this Court. Accordingly, the Court **DENIES** Plaintiff's Motion for Reconsideration for Appointed Counsel. (Doc. no. 20.)

The Court **GRANTS** Plaintiff's Motion to Demand a Jury Trial. (Doc. no. 21.) Even though Plaintiff did not make a timely demand for a jury trial, Defendant did in his answer. (See doc. no. 16, p. 3.) Thus, should this case proceed to trial, that trial will be before a jury.

SO ORDERED this 3rd day of November, 2017, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA