FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2011 NOV 30 P 2: 23
CLERK J. Hodge
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

MARIO ROMAN SULLIVAN,

    Plaintiff,

v.

CORE CIVIC, Wheeler Correctional Facility; VANCE LAUGHLIN, Warden; GLYNN POWELL, Unit Manager; PAT CLARK, HAS; and NP HALL,

    Defendants.

CV 317-017

# O R D E R

Before the Court is Plaintiff Mario Roman Sullivan's appeal of the Magistrate Judge's Order denying counsel. (Doc. No. 24.) For the reasons set forth below, the Court **AFFIRMS** the Magistrate Judge's Order.

Like the general public, prisoners do not have a right to appointed counsel in civil disputes. Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993). The appointment of counsel in civil actions is in the court's discretion and reserved for exceptional circumstances. Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992). To decide whether appointment is appropriate, courts will consider (1) the complexity of the case; (2) whether the prisoner is in a position to do his own investigation; (3) whether the prisoner is able to present the merits of his case; and (4) whether the evidence will largely

consist of conflicting testimony, so as to require skill for presenting evidence and cross-examination. See <u>Ulmer v. Chancellor</u>, 691 F.2d 209, 213 (5th Cir. 1982) (<u>adopted in Fowler v. Jones</u>, 899 F.2d 1088, 1096 (11th Cir.1990)).

As the Magistrate Judge held, this case is not complex. Plaintiff's reliance on <u>Agyeman v. Corrections Corp. of Am.</u>, 390 F.3d 1101, 1103 (9th Cir. 2004) is unconvincing. <u>Agyeman</u> was complicated by the plaintiff's inability to join all defendants in one action and his rights as an immigrant being held on non-criminal charges, which expanded the plaintiff's rights beyond those of a normal prisoner. <u>Id.</u> at 1103-04. Plaintiff has no special status that complicates this case, and he can bring his 42 U.S.C. § 1983 claims against individual and corporate defendants in one action. See <u>Ancata v. Prison Health Servs., Inc.</u>, 769 F.2d 700, 704 (11th Cir. 1985) (finding that a corporation can be held liable under § 1983 if it performs traditionally state functions). Accordingly, Plaintiff's complaint is not too complex to be handled *pro se*.

Plaintiff also argues that his retaliation claim makes the rest of his case sufficiently complex to justify appointment of counsel. For support, Plaintiff cites to <u>Swofford v. Mandrell</u>, 969 F.2d 547, 552 (7th Cir. 1992), which

2

held that a retaliation case involves complex issues that can justify appointing counsel. However, the Eleventh Circuit has not made a similar finding. On the contrary, in McKissick v. Comm'r, 587 F. App'x 567, 573 (11th Cir. 2014), the Eleventh Circuit affirmed a district court's finding that a retaliation complaint was not complex. This is not to say that retaliation cases may never be complex, but here, Plaintiff has not demonstrated that the complexity of his case supports appointing counsel.

Plaintiff has also failed to demonstrate that he is unable to conduct his own investigation. The obstacles Plaintiff claims prevent him from investigating his case are the kind that would be common for any prisoner litigant. For example, Plaintiff's confinement makes finding witnesses and taking their statements more difficult. If this kind of hardship were sufficient, many more prisoners would be appointed counsel in civil cases. Additionally, Plaintiff's previous motions that set out the facts of his case belie claims that he is unable to do his own investigation.

The barriers Plaintiff claims prevent him from arguing the merits of his case are also conditions that are common to many prisoners. While a prisoner's lack of education and mental health issues may be burdens, they are not burdens that

3

convince the Court that counsel should be appointed. Additionally, considering his past filings, the Court is convinced that Plaintiff's mental health and educational disadvantages will not prevent him from presenting the merits of his case.

Finally, Plaintiff has not demonstrated that his case will involve a great deal of conflicting testimony that will require counsel to present evidence and conduct cross-examination. Plaintiff's only support for this argument is that his case involves medical care, which could entail hiring an expert witness and cross examination. The evidentiary complexities Plaintiff identifies are the kind present in nearly any civil case.

Upon the foregoing, the Court **DENIES** Plaintiff's appeal (doc. no. 24) and **AFFIRMS** the Magistrate Judge's Order (doc. no. 22) denying counsel.

**ORDER ENTERED** at Augusta, Georgia, this 30th day of November, 2017.

_____
UNITED STATES DISTRICT JUDGE