IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MARIO ROMOAN SULLIVAN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | CV 317-017 |
| GLYNN POWELL, Unit Manager. | ) ) ) | |
| Defendant. | ) | |

_____

**O R D E R**
_____

Because Plaintiff is proceeding *pro se*, the Court provided him with some basic instructions regarding the development and progression of this case. (Doc. no. 13.) In those instructions, the Court explained to Plaintiff the process for conducting discovery and cited the applicable Federal Rules of Civil Procedure. (Id. at 5-6.) The matter is now before the Court because Plaintiff has filed a letter requesting the Court order Defendant to comply with the discovery process. (Doc. no. 27.)

Plaintiff's motion states he served requests for production of documents which Defendant summarily denied. (Id.) In particular, Plaintiff complains Defendant refused to produce any documents in response to his request #5, which allegedly requests "Any notes, documents, letters, memoranda, file records, logs, grievances, or wire communications concerning complaints made against Defendant 'Glynn Powell.'" (Id. at 1.) Plaintiff asks

the Court to "subpoena these documents for the purpose of being view [sic] by the jury at trial." (Id. at 2.)

The Local Rule that governs the filing of a motion to compel provides:

**LR 26.5 Discovery Motions and Objections.** Discovery motions in accordance with Rules 26, 33, 34, 36, and 37 of the Federal Rules of Civil Procedure and objections relating to discovery shall:

(a) quote verbatim each interrogatory, request for admission, or request for production to which a motion or objection is taken;

(b) include the specific ground for the motion or objection; and

(c) include the reasons assigned as supporting the motion, which shall be written in immediate succession to one another. Such objections and grounds shall be addressed to the specific interrogatory, request for admission, or request for production and may not be made generally.

Counsel are reminded that Fed. R. Civ. P. 26(c) and 37(a)(2) require a party seeking a protective order or moving to compel discovery to certify that a good faith effort has been made to resolve the dispute before coming to court.

Loc. R. 26.5.

Plaintiff did not attach a copy of any discovery requests, and he did not attach a certification that he has made a good faith effort to resolve any dispute before seeking Court intervention. Accordingly, the Court **DENIES** Plaintiff's discovery request, (doc. no. 27). See Holloman v. Mail-Well Corp., 443 F.3d 832, 844 (11th Cir. 2006) (affirming denial of discovery motion based on "a failure to work with the defendants in good faith" during discovery process); Haynes v. JPMorgan Chase Bank, N.A., 466 F. App'x 763, 765-66 (11th Cir. 2012) (affirming denial of motion to compel where movant failed to consult in good faith with opponent before filing motion); see also Layfield v. Bill Heard Chevrolet Co., 607

2

F.2d 1097, 1099 (5th Cir. 1979)[1] (holding that failure to comply with the Local Rules may result in summary denial of a motion).

Plaintiff also seeks to subpoena three fellow inmates for trial. (Doc. no. 27, p. 2-3.) However, the case is not yet ready for trial, as discovery does not close until February 7, 2018, and the last day to file summary judgment motions is March 9, 2018. (See doc. no. 19.) Accordingly, the Court **DENIES** Plaintiff's request as premature. Should the case proceed to trial, Plaintiff may request these three witnesses' presence at that time.

Finally, "if a litigant seeks judicial action of any sort . . . it must be contained within a motion arising from a properly filed lawsuit." In re Unsolicited Letters to Federal Judges, 120 F. Supp. 2d 1073, 1074 (S.D. Ga. 2000). It may not be requested in a personal letter. Id. Thus, should Plaintiff seek any future relief from this Court, he must file a properly captioned motion and serve that motion on defendants or their counsel. He may not simply write letters to the Court.

SO ORDERED this 14th day of December, 2017, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.