IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MARIO ROMOAN SULLIVAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 317-017 |
| | ) | |
| GLYNN POWELL, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Plaintiff, an inmate incarcerated at Autry State Prison in Pelham, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred at Wheeler Correctional Facility ("WCF") in Alamo, Georgia. For the reasons set forth below, the Court **GRANTS IN PART** Plaintiff's motion to compel discovery. (Doc no. 31.)

## I. BACKGROUND

The amended complaint alleges Defendant Powell, in retaliation for Plaintiff filing grievances against him, falsely told inmate Toranio Lockett that Plaintiff had written a statement against him for possessing a shank, which led to Lockett attacking Plaintiff. (See doc. no. 10.) In his response to Plaintiff's Request for Production Number 5, Defendant objected to the request and did not provide any responsive documents. (Doc. no. 31, pp. 1-2; doc. no. 31-1, pp. 1-5.) Plaintiff sent a "good faith request for production of documents" to

defense counsel on December 25, 2017, once again seeking production of the relevant documents. (Doc. no. 31, p. 2; doc. no. 31-1, pp. 7-8.) However, defense counsel did not receive the good faith request. (Doc. no. 36, p. 2.)

## II. DISCUSSION

Under Fed. R. Civ. P. 26(b)(1), "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." The Federal Rules of Civil Procedure strongly favor full discovery whenever possible, Republic of Ecuador v. Hinchee, 741 F.3d 1185, 1189 (11th Cir. 2013), and "[w]hen there is a doubt over relevancy, the court should still permit discovery," Coker v. Duke & Co., 177 F.R.D. 682, 685 (M.D. Ala. 1998).

### A. Defining the Scope of Relevant Discovery

Plaintiff alleges Defendant was deliberately indifferent to safety by falsely labeling him a snitch to Toranio Lockett, a violent inmate, in retaliation for Plaintiff filing grievances against Defendant. (See generally doc. no. 10.) To establish a claim for deliberate indifference to safety claim, Plaintiff "must allege facts sufficient to show (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." Lane v. Philbin, 835 F.3d 1302, 1307 (11th Cir. 2016) (internal quotations omitted). These three elements are evaluated in part by an objective standard and in part by a subjective standard. See Caldwell

v. Warden, FCI Talladega, 748 F.3d 1090, 1099 (11th Cir. 2014). As the Eleventh Circuit explained,

> When examining the first element—a substantial risk of serious harm—the court uses an objective standard. The second element—the defendant's deliberate indifference to that risk—has two components: one subjective and one objective. To satisfy the subjective component, a plaintiff must produce evidence that the defendant actually (subjectively) kn[ew] that an inmate [faced] a substantial risk of serious harm. To satisfy the objective component, a plaintiff must produce evidence that the defendant disregard[ed] that known risk by failing to respond to it in an (objectively) reasonable manner.

Id. (internal citations and quotations omitted).

Because "a risk of harm to some degree always exists by the nature of its being a [prison]," not every condition rises to the level of an Eighth Amendment violation. Purcell ex rel. Estate of Morgan v. Toombs Cty., Ga., 400 F.3d 1313, 1323 (11th Cir. 2005). However, "prison officials have a duty to protect prisoners from each other," Murphy v. Turpin, 159 F. App'x 945, 947 (11th Cir. 2005) (citing Brennan, 511 U.S. at 828-29), and "confinement in a prison where violence and terror reign is actionable." Harrison v. Culliver, 746 F.3d 1288, 1299 (11th Cir. 2014) (quoting Purcell, 400 F.3d at 1320).

Under the subjective component, "[a] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Lane, 835 F.3d at 1308. However, "[i]nferences from circumstantial evidence . . . . can be used to show that a prison official possessed the necessary knowledge." Id. Under

3

the objective component, an official responds to a known risk in an objectively unreasonable manner if "he knew of ways to reduce the harm but knowingly declined to act" or if "he knew of ways to reduce the harm but recklessly declined to act." Hale v. Tallapoosa County, 50 F.3d 1579, 1583 (11th Cir. 1995).

**B.    Disputed Document Request.**

Plaintiff's Request for Production Number Five and Defendant's response provides as follows:

> *5.  Any notes documents, letters, memoranda, files records, record books, logs, grievances, or written communications concerning complaints made against Wheeler Correctional Facility, Warden Vance Laughlin, and Unit Manager Glynn Powell.*
>
> *RESPONSE: The defendants are not required to provide free copies of discovery documents to the plaintiff. The defendants object to the plaintiff's request as vague and ambiguous because he does not indicate what prison records he seeks. For the reasons noted below, no responsive materials are being withheld except as noted. Wheeler Correctional Facility and Warden Laughlin are not defendants. The term "complaints" would encompass grievances by other prisoners, which are confidential as a matter of law O.C.G.A. § 42-5-36 [sic]. Grievances are not filed or maintained by unit managers; and the plaintiff's request even accessible [sic] and if not unduly burdensome would require a manual search of all records of the facility from the beginning of Mr. Powell's employment until present. The request is unlikely [sic] burdensome and is not proportional to the needs and scope of this case.*

This request is overly broad because it seeks information regarding WCF and Warden Vance Laughlin, who are not parties to this action, and it seeks information concerning any complaint against Defendant. Falling within the scope of relevance, however, is any

4

complaint or grievance made by Plaintiff against Defendant.  For these reasons, the Court **GRANTS IN PART** Plaintiff's motion to compel as to request number five and **ORDERS** Defendant to produce all responsive complaints and grievances by Plaintiff against Defendant <u>within 14 days</u> of this Order.  In addition, the Court **LIFTS** the stay on the dispositive motion deadline.  The parties shall have through and including May 2, 2018 to file motions for summary judgment.

    SO ORDERED this 19th day of March, 2018, at Augusta, Georgia.

                                                 BRIAN K. EPPS
                                                 UNITED STATES MAGISTRATE JUDGE
                                                 SOUTHERN DISTRICT OF GEORGIA