FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2018 AUG -8 PM 3: 26

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

MARIO ROMOAN SULLIVAN,       )
                             )
          Plaintiff,         )
                             )
     v.                      )          CV 317-017
                             )
GLYNN POWELL,                )
                             )
          Defendant.         )

---

**ORDER**

---

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 51.) The Magistrate Judge recommended Defendant's motion for summary judgment be granted and this case be dismissed for failure to exhaust administrative remedies. (Doc. no. 49.) Plaintiff contends the Court should consider his claims as exhausted because Counselor Johnson should have treated his third grievance regarding retaliation as an emergency grievance, which would have allowed him to file a third active grievance. (Doc. no. 51, p. 5.) In the alternate, Plaintiff argues the grievance process was unavailable because "his attempt to file was thwarted with the misrepresentation that he only had 1 option which was to drop a previous grievance, this [sic] was also a form of intimidation." (Id. at 6.) Neither contention has merit.

According to the Georgia Department of Corrections grievance procedure, an inmate must file a grievance as an emergency grievance for it to be evaluated as one. SOP IIB05-

0001 § VI(B)(5)(b)(1). Plaintiff provides no indication he filed the retaliation grievance as an emergency grievance, and thus Counselor Johnson had no reason to treat it as such. Moreover, Plaintiff's attempt to file a third grievance was not "thwarted with misrepresentation" or intimidation. Indeed, by not allowing Plaintiff to file a third grievance without dropping one of his active grievances, prison officials were merely following GDC grievance procedure. Id. § VI(B)(5)(a)(1).

Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **GRANTS** Defendant's motion for summary judgment, (doc. no. 43), as to exhaustion, **DISMISSES** this case without prejudice, **DIRECTS** the **CLERK** to **ENTER** final judgment in favor of Defendant, and **CLOSES** this civil action.

SO ORDERED this _____ day of August, 2018, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE